UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DANILO JOVANOVIC,

Plaintiff,

**JURY TRIAL DEMANDED**

v.

IL GABBIANO MIAMI, LLC, a Florida limited liability company, and GINO MASCI,

Defendants.
_______________________________________/

**COMPLAINT FOR DAMAGES**

Plaintiff, DANILO JOVANOVIC, ("JOVANOVIC"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, IL GABBIANO MIAMI, LLC, a Florida limited liability company, (hereinafter "IL GABBIANO"), and GINO MASCI, (hereinafter "MASCI") and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act (FLSA) as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, IL GABBIANO was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the

production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, IL GABBIANO and MASCI operated a restaurant. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, the Plaintiff handled food and drinks which were originally manufactured outside the State of Florida.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida

and,

b. Defendants were and continue to be a company and an individual doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, JOVANOVIC was and continues to be a resident of Miami, Miami-Dade County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, IL GABBIANO, was conducting business in Miami, Miami-Dade County, Florida, with its principal place of business in that city.

10. At all times material hereto, Defendants were the employers of Plaintiff, JOVANOVIC,

11. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff JOVANOVIC his lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, IL GABBIANO was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

16. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. On or about December 29, 2015, Plaintiff, JOVANOVIC was hired by the Defendants as a server at the Defendants' restaurant. His employment terminated on or about March 2, 2016.

18. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

19. Defendant, MASCI was a supervisor and manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations.

20. Defendant, MASCI was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

21. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM:**

**COUNT I**

**VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)**

22. Plaintiff, JOVANOVIC, repeats and realleges Paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiff, JOVANOVIC's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

24. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, JOVANOVIC, was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

25. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff,

JOVANOVIC, intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due to him.

26. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, JOVANOVIC, at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

27. Defendants failed to properly disclose or apprise Plaintiff, JOVANOVIC, of his rights under the FLSA.

28. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, JOVANOVIC, is entitled to liquidated damages pursuant to the FLSA.

29. Due to the willful and unlawful actions of the Defendants, Plaintiff, JOVANOVIC, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

30. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, JOVANOVIC, respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

**COUNT II**

**VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)**

31. Plaintiff, JOVANOVIC realleges Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

32. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

33. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages. Plaintiff worked hours for the Defendants for which he was paid below the statutory minimum wage. In many weeks, the Defendants unlawfully availed themselves to an FLSA "tip credit."

34. Plaintiff was forced to participate in an illegal tip pool, in which managers who are not customarily tipped employees, received a share of the Plaintiff's tips.

35. The Defendants acted willfully and maliciously, in violating Plaintiff's rights.

36. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully request:

a. judgment in his favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: March 15, 2016.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: s/. Peter Bober
PETER BOBER
FBN: 0122955
SAMARA ROBBINS BOBER
FBN: 0156248